**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAULA HERNANDEZ, | ) | CASE NO. CV 12-01009 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Administrative Law Judge here found that Plaintiff could return to her past relevant work as a seamstress. Focusing only on this determination, Plaintiff argues that the Commissioner committed error. The Court disagrees.

A determination that a person can perform his/her past relevant work is made at Step 4 of the sequential evaluation process. *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). At that point, the opinion of a vocational expert is not necessary, although it can be used. *Mathews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The question before the administrative law judge at that point is whether the claimant can perform the past relevant work either as the claimant had performed it, or as it was generally performed. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

Here, the vocational expert testified that Plaintiff's work was akin to that described in the Labor Department's *Dictionary of Occupational Titles*, 782.682-018,

"Upholstery Sewer." Plaintiff asserts that this description requires "constant" handling, but that the Administrative Law Judge found that Plaintiff retained the capacity only for "frequent" handling and reaching. The difference between "frequent" and "constant" under the *Dictionary* is not that great; "frequent" means 1/3 to 2/3 of the time, whereas "constant" means 2/3 of the time or more. *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, Appendix C. These are not precise measurements, and obviously there are points where the frequency of occurrence is quite similar, *i.e.*, 2/3 of the time could be either "frequent" or "constant." Be that as it may, the Administrative Law Judge did not limit Plaintiff entirely to "frequent" handling and reaching, but to frequent handling and reaching with the dominant right hand, and to *continuous* (*i.e.*, more than constant) reaching and handling with the left hand. There is no indication in the *Dictionary*'s description that a person using one hand "frequently" and the other "continuously" could not perform the work. Indeed, in general, handling and reaching, as descriptive matters in the *Dictionary*, do not require bilateral handling and reaching. *See Salcido v. Astrue*, 2012 WL 2160346 (C.D. Cal. 2012) (collecting cases).

Since Plaintiff could perform her past relevant work, as that work generally is performed, the Administrative Law Judge did not commit error in making his decision, and that decision, adopted by the Commissioner as his own, is affirmed.

IT IS SO ORDERED.

DATED: September 4, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE